Benjamin B. Taylor *vs.* Samuel W. Robinson & another.

A creditor of one who has made a conveyance of land, which was given and received with intent to defraud creditors, cannot before recovering judgment, or making an attachment of the land, upon his claim, maintain a bill in equity against the parties to the fraudulent conveyance, to obtain an account of rents and profits from the grantee, and to restrain him from committing waste or parting with his title, and the grantor from selling or assigning a note taken by him for the ostensible price of the land.

Chapman, J. The plaintiff in this bill in equity alleges that he is a creditor of Fanny Dean, holding a promissory note against her; that he has commenced a suit against her on the note, and that she has been defaulted, but no judgment has yet been rendered; that she conveyed certain real estate to the defendant Robinson with a view to defraud her creditors, and has taken his note for the same, he being a participator in the fraud; and that Robinson has sold a part of the land, and sold wood and timber from other parts thereof, and received the proceeds. The

prayer is for an injunction against Robinson, to prevent him from committing strip or waste on the land unsold, or incumbering or selling the same; for an injunction against Fanny Dean, to restrain her from collecting or assigning her note; and also for an order that Robinson shall account for the proceeds that have come into his hands, and apply them on the plaintiff's debt.

If a bill of this character can be maintained, it must be as a creditor's bill, under the Gen. Sts. *c.* 113, § 2. But such a bill lies only when there is property which cannot be come at to be attached or taken on execution in a suit at law against the debtor. This bill does not state such a case. On the contrary, the plaintiff might have attached the land now remaining in the hands of Robinson, and, for aught that appears, it might have been sufficient to secure the debt. He might in such case have obtained an injunction to prevent waste — and a conveyance would not have been valid against him. He cannot entitle himself to a bill in equity by omitting to make an attachment. Nor is he entitled to an account from Robinson, or an injunction against Fanny Dean, when by his own showing it appears that he might have secured himself by attachment, and it does not appear that he may not find property to levy his execution upon when he shall have obtained judgment.

*Demurrer sustained. Bill dismissed, with costs.*

*C. I. Reed,* for the defendants, cited *Brinkerhoff* v. *Brown,* 4 Johns. Ch. 671; *Williams* v. *Brown,* Ib. 682; *McDermutt* v. *Strong,* Ib. 687; *Gordon* v. *Lowell,* 21 Maine, 251; *Tappan* v. *Evans,* 11 N. H. 325; *Colman* v. *Croker,* 1 Ves. Jr. 161; *Rice* v. *Stone,* 1 Allen, 566; *Buck* v. *Burlingame,* 13 Gray, 307; *Silloway* v. *Columbia Ins. Co.* 8 Gray, 199.

*E. H. Bennett,* for the plaintiff, cited *Boston Water Power Co.* v. *Boston & Worcester Railroad,* 16 Pick. 512; *Dodd* v. *Cook,* 11 Gray, 495; *Bean* v. *Smith,* 2 Mason, 252; *Varick* v. *Smith,* 5 Paige, 137; *Bradley* v. *Bosley,* 1 Barb. Ch. 151; *Manners* v. *Rowley,* 10 Sim. 470; *Copis* v. *Middleton,* 2 Madd. 410.